UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE EARL ZAVODA,

      Petitioner,

v.                                                Case No. 2:08-CV-13308
                                                Honorable David M. Lawson

JOHN BOYNTON,

      Respondent.

_____/

## OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

The petitioner, Wayne Earl Zavoda, is a state prisoner currently confined at the Straits Correctional Facility in Kincheloe, Michigan, who has filed his second *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because the Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), the Court will transfer the matter to the Court of Appeals so that the petitioner may seek permission to proceed.

I.

The petitioner was charged and convicted of the first-degree felony murder, first-degree criminal sexual conduct, and first-degree child abuse. On March 3, 2004, the petitioner filed in this District a habeas corpus petition alleging ineffective assistance of counsel claim. *See Zavoda v. Lafler*, No. 04-70811 (E.D. Mich. Nov. 8, 2005). On November 8, 2005, Judge George C. Steeh dismissed the petition with prejudice and denied a certificate of appealability.

A year later, in October of 2006, the petitioner filed a motion for relief from judgment with

the Genesee County Circuit Court, which was also denied on November 7, 2007. The petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which remains pending to this day. *People v. Zavoda*, No. 285893 (Mich. Ct. App. 2008). On July 31, 2008, the petitioner filed yet the second habeas corpus petition with this Court.

II.

The petitioner previously filed a habeas corpus petition challenging his convictions. The Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), over which this Court lacks jurisdiction. The Court, therefore, will transfer the matter to the Court of Appeals so that the petitioner may seek permission to proceed.

The petitioner already has filed a petition for a writ of habeas corpus challenging his convictions and sentence. 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

The petitioner's prior habeas corpus petition was adjudicated on the merits. The petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Court must transfer the petition regardless of the apparent merits of the claim presented because the Court lacks jurisdiction to consider a successive habeas petition when prior authorization for filing the successive petition has

not been obtained from the court of appeals. *Id.*

### III.

The Court lacks jurisdiction over this successive petition for writ of habeas corpus, 28 U.S.C. § 2244(b)(3), and the matter must be transferred to the court of appeals.

Accordingly, it is **ORDERED** that the Clerk shall **TRANSFER** the petition to the United States Court of Appeals for the Sixth Circuit.

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated: August 26, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 26, 2008.

                                    s/Felicia M. Moses
                                      FELICIA M. MOSES